```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

KERRY CLARK,
    Petitioner,

                                               CIVIL ACTION NO.
    v.                                          18-12250-MBB

STEPHEN SPAULDING, Warden,
    Respondent.

**MEMORANDUM AND ORDER RE:
RESPONDENT'S MOTION TO DISMISS PETITION FOR A
WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241
(DOCKET ENTRY # 10)**

**December 20, 2019**

**BOWLER, U.S.M.J.**

    Pending before this court is a motion to dismiss filed by respondent Stephen Spaulding ("respondent"), warden of the Federal Medical Center ("FMC-Devens") in Devens, Massachusetts, for lack of jurisdiction. (Docket Entry # 10). Respondent seeks to dismiss a petition filed by petitioner Kerry Clark ("petitioner"), an inmate at FMC-Devens, under 28 U.S.C. § 2255(e). The petition invokes 28 U.S.C. § 2255(e) ("the savings clause") to challenge a sentence under 28 U.S.C. § 2241 ("section 2241"). (Docket Entry # 1). Respondent maintains that the petition is, in fact, a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 ("section 2255").

    In seeking recourse under the savings clause, petitioner argues that a number of cases apply retroactively on collateral

review to "fundamental sentencing errors" thereby rendering a section 2255 motion "inadequate" or "ineffective" within the meaning of the savings clause. (Docket Entry # 1) (capitalization omitted). As a result, petitioner maintains the savings clause allows him to challenge the sentence under a section 2241 petition.

PROCEDURAL BACKGROUND

I. Original Conviction

On August 16, 1997, a grand jury sitting in the United States District Court in the Southern District of New York ("the New York district court") indicted petitioner and other members of the Maisonet organization on drug-related conspiracy charges and violations of the Racketeer Influenced and Corrupt Organizations Act pursuant to 18 U.S.C. § 1962. (Docket Entry # 10-3, pp. 3-4)[1] (Docket Entry # 10-1, p. 6). On October 14, 1999, a jury found petitioner guilty of the following: one count of conspiracy to distribute narcotics in violation of 21 U.S.C. § 846; one count of participating in a racketeering enterprise in violation of 18 U.S.C. § 1962(c); and one count of conspiracy to participate in a racketeering enterprise in violation of 18 U.S.C. § 1962(d). (Docket Entry # 10-3, pp. 3-4). The jury did not determine a drug quantity individually applicable to

---

[1] Page numbers refer to the page number in the upper, right-hand corner of the docketed page.

petitioner.  See United States v. Clark, 28 F. App'x 34, 36 (2d Cir. 2001) ("district court based Clark's sentence on a drug quantity finding that was not made by the jury") (unpublished).

On May 4, 2000, the New York district court sentenced petitioner to 360 months in prison.  (Docket Entry # 10-1, p. 22).  Accepting a "recommendation of the Federal Probation Office," the trial court found that 30 kilograms or more of heroin was involved and calculated a base offense level of 38. United States v. Clark, 28 F. App'x at 35; (Docket Entry # 10-3, p. 4).  In addition, the court enhanced the base offense level of 38 by two levels due to petitioner's obstruction of justice amounting to a total offense level of 40.  (Docket Entry # 10-3, p. 4).  The court sentenced petitioner under the United States Sentencing Guidelines Manual (1998) in conjunction with petitioner's criminal history of category IV.  U.S. Sentencing Guidelines Manual, §§ 2D1.1(a)(3), 2D1.1(c) (1998); (Docket Entry # 10-3, pp. 2-3).

II. Appeal to Second Circuit

On May 16, 2000, petitioner appealed his conviction to the Second Circuit.  (Docket Entry # 10-1, p. 22).  On appeal, he argued the sentence violated his Fifth and Sixth Amendment rights because the trial court did not submit to the jury the issue of whether he distributed more than 30 kilograms of heroin.  United States v. Clark, 28 F. App'x at 35.  On November

16, 2001, the Second Circuit affirmed the district court's judgment and sentence. (Docket Entry # 10-3, p. 4).

The Second Circuit noted that petitioner was correct in his assertion that a "twenty-year maximum sentence applies for violations of 21 U.S.C. § 841(a)(1) absent any drug quantity determinations." United States v. Clark, 28 F. App'x at 35. Nonetheless, the court reasoned that violations of 21 U.S.C. § 841(b)(1) ("section 841(b)(1)") provided for a maximum sentence of 30 years where, as here, petitioner was previously found guilty of another felony drug offense. Id. Applying plain error review and finding that petitioner's "substantial rights were not affected," the Second Circuit affirmed the New York district court's ruling because the statutory "maximum penalty available . . . became 30 years" due to the "prior conviction, regardless of the amount of heroin involved." Id. at 36. The drug quantity therefore became a "guideline factor" rather than an element of the underlying crime.[2] Id. Following this, petitioner filed a petition for a writ of certiorari to the Supreme Court. Clark v. United States, 535 U.S. 1002 (2002).

---

[2] As indicated above, the Second Circuit found that the heroin quantity was only a "guideline factor" because of petitioner's previous conviction of a felony drug offense in 1994. (Docket Entry # 10-3, p. 5) (reciting Second Circuit's ruling on direct appeal).

4

On April 15, 2002, the Supreme Court declined to issue a writ of certiorari and petitioner's conviction became final. Id.

III. First Section 2255 Motion

On October 17, 2006, petitioner filed a section 2255 motion to vacate, set aside, or correct the sentence in the New York district court. (Docket Entry # 10-2, p. 2). On June 12, 2008, the New York district court denied the section 2255 motion because it was time-barred and "Clark [did] not [make] a substantial showing of the denial of a constitutional right." (Docket Entry # 10-3, pp. 8, 12).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a defendant may file a section 2255 motion within a year of a conviction becoming "final." 28 U.S.C. § 2255(f). A "judgment of conviction becomes final when the Supreme Court denies a petition for a writ of certiorari, or when the time to file a petition for a writ of certiorari expires." (Docket Entry # 10-3, p. 7); see Clay v. United States, 537 U.S. 522, 525 (2003).

Petitioner's conviction therefore became "final" within the meaning of section 2255(f) on April 15, 2002, when the Supreme Court denied the petition for a writ of certiorari. Accordingly, on June 12, 2008, the New York district court denied the section 2255 motion filed in October 2006 as time-barred. (Docket Entry ## 10-2, 10-3). The New York district

5

court allowed petitioner to amend the original motion to explain the delay in filing but petitioner failed to make an amendment. (Docket Entry # 10-3, pp. 5, 7). The court also declined to apply equitable tolling to the untimely motion because no "'exceptional circumstance[s]'" existed. (Docket Entry # 10-3, p. 7) (internal citations omitted).

Despite the motion being time-barred, the New York district court analyzed the merits of the section 2255 motion. (Docket Entry # 10-3, p. 8-12). Petitioner argued that the Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005) ("Booker"), applied retroactively to all defendants whose convictions were final at the time it was decided. (Docket Entry # 10-3, pp. 8-9). In the alternative, petitioner asserted that Booker applied retroactively to all defendants whose convictions were not final at the time of two earlier decisions[3] because these cases "purportedly established the constitutional rule in Booker." (Docket Entry # 10-3, p. 9).

The New York district court rejected petitioner's first argument in light of the Second Circuit's holding in Guzman v. United States, 404 F.3d 139, 140 (2d Cir. 2005). (Docket Entry # 10-3, p. 10). The Second Circuit in Guzman decided that Booker did "'not apply retroactively to cases on collateral

---

[3] Apprendi v. New Jersey, 530 U.S. 466 (2000) ("Apprendi"); Jones v. United States, 526 U.S. 227 (1999).

6

review'" challenging convictions that became final prior to the date of the Booker decision.⁴ (Docket Entry # 10-3, p. 10) (quoting Guzman, 404 F.3d at 140). The New York district court also rejected petitioner's alternative argument because "Booker not Apprendi or Jones, announced a new rule of constitutional law." (Docket Entry # 10-3, p. 12). The court additionally determined that petitioner "failed to make 'a substantial showing of the denial of a constitutional right'" and declined to issue a certificate of appealability because "'any appeal taken from this decision and order would not be taken in good faith.'" (Docket Entry # 10-3, pp. 12-13) (internal citations omitted).

## DISCUSSION

I. Section 2241 and 2255(e) Review

A section 2241 petition "'challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison

---

⁴ Although the Supreme Court in Booker did not address the retroactivity of section 2255 motions on collateral review, the Second Circuit held that Booker did not to apply retroactively to cases on collateral review where, as here, the conviction "was final as of January 12, 2005." Guzman, 404 F.3d at 141. The Second Circuit in Guzman further held that Booker was neither a substantive rule nor "a 'watershed' rule of procedure" and, accordingly, did not apply retroactively. Id. (internal citation omitted).

transfers, type of detention and prison conditions.'" Williams v. Spaulding, Civil Action No. 18-11554-KAR, 2019 WL 2107275, at *3 (D. Mass. May 14, 2019) (quoting Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001)) (emphasis in original). In contrast, a section 2255 motion challenges "'the length of the sentence [and] is traditionally . . . brought before the sentencing court pursuant to 28 U.S.C. § 2255.'" Id. at *3, (internal citations omitted). Here, the substance of the petition does not challenge the execution or the calculation of the sentence. Accordingly, the petition is not a section 2241 petition. Rather, it attacks the sentence as unauthorized or erroneous under a number of Supreme Court cases, which purportedly apply retroactively and result in a fundamental defect. (Docket Entry # 1). As such, the petition is properly characterized as a section 2255 motion. See Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008) (a petition "brought on behalf of a federal prisoner still in custody" that "challenges his sentence as unauthorized under the statutes of conviction" falls "squarely within the heartland" of section 2255); United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999) (section 2241 petition attacks "execution, rather than" validity of a sentence; savings clause does not apply because such attacks "are outside the bounds of § 2255"; and Barrett's challenge "clearly involves validity").

II. Gatekeeping Provisions

Properly construed as a section 2255 motion, the petition is subject to several AEDPA gatekeeping provisions. First, a section 2255 motion is subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). In contrast, section 2241 has "no timeliness requirement." Hakim v. Spaulding, Civil Action No. 18-12251-PBS, 2019 WL 4218479, at *2 (D. Mass. Sept. 5, 2019). Here, the petition, filed more than 16 years after the conviction became final and more than ten years after the New York district court denied the first section 2255 motion as untimely, is itself time-barred. See Trenkler, 536 F.3d at 98 ("petition was filed more than ten years after the petitioner's conviction had become final and more than five years after an earlier section 2255 petition (itself deemed to be time-barred)").

More notably in light of its jurisdictional bar, "A second or successive motion must be certified" and filed in the "appropriate court of appeals," in this instance the Second Circuit, under the AEDPA. 28 U.S.C. § 2255(h); Bucci v. United States, 809 F.3d 23, 26 (1st Cir. 2015) (section 2255(h) strips "district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward") (internal citations and quotation marks omitted). Where, as here, a "first § 2255

9

petition . . . has properly been dismissed as time-barred under AEDPA," the petition "has been adjudicated on the merits, such that authorization from [the court of appeals] is required before filing a second or successive § 2255 petition." Villanueva v. United States, 346 F.3d 55, 58 (2d Cir. 2003); accord Trenkler, 536 F.3d at 98. Accordingly, the petition is an unauthorized second or successive section 2255 motion. Furthermore, petitioner's inability to meet the gatekeeping requirements to bring a second or successive motion under section 2255(h) alone does not provide access to the savings clause. See Barrett, 178 F.3d at 50; accord Trenkler, 536 F.3d at 98-99.

III. Savings Clause

Petitioner nevertheless maintains that the savings clause allows him the ability to challenge the sentence under section 2241. By its terms, resort to the savings clause in section 2255(e) is available only in the event the remedy afforded in a section 2255 motion is "inadequate or ineffective to test the legality of" the detention. 28 U.S.C. § 2255(e). In this circuit, recourse to the savings clause is permitted only "in rare and exceptional circumstances," such as those where the restrictions on section 2255 motions would result in a "'complete miscarriage of justice.'" Trenkler, 536 F.3d at 99 (internal citation omitted). "[P]ost-conviction relief can be

termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant *any* opportunity for judicial rectification.'" Id. (internal citation omitted). Petitioner's challenge based on Apprendi falls comfortably within this bar. Petitioner had the opportunity to challenge the conviction and sentence under Apprendi and he availed himself of that opportunity on direct appeal. See United States v. Clark, 28 F. App'x at 35. "Most courts have required a credible allegation of actual innocence to access the savings clause," Trenkler, 536 F.3d at 99, and "[a]ctual innocence means factual innocence, not mere legal insufficiency," Bousley v. United States, 523 U.S. 614, 615 (1998).

As succinctly summarized in Hakim, "the First Circuit . . . recognize[s] that § 2241 is available via the savings clause of § 2255(e) in two limited circumstances." Hakim, 2019 WL 4218479, at *2. First, resort to section 2255(e) is appropriate when a petitioner "makes a 'credible allegation of actual innocence.'" Id. (quoting Trenkler, 536 F.3d at 99). Second, it is appropriate "when the Supreme Court has reversed the holdings of the circuit courts regarding the meaning of a statute, and the petitioner is no longer guilty of a crime under the Supreme Court's new interpretation." Id. (citing Sustache-Rivera v. United States, 221 F.3d 8, 16 (1st Cir. 2000)). In

11

the First Circuit, therefore, "[a]bsent these two circumstances, . . . a petitioner cannot rely on the savings clause to raise a claim that otherwise would be barred by the provisions of § 2255." Id. (citing Barrett, 178 F.3d at 50-52).

As to the first avenue, petitioner does not make a credible argument that "he is actually innocent of the crimes for which he was" convicted based on the facts. See Trenkler, 536 F.3d at 99. Rather, he seeks to attack the validity of his sentence. (Docket Entry # 1).

Petitioner's validity challenge is grounded on a number of Supreme Court cases. (Docket Entry # 1). Thus, as argued in the petition, the decisions in Apprendi, Alleyne v. United States, 570 U.S. 99 (2013) ("Alleyne"), and Burrage v. United States, 571 U.S. 204 (2014) ("Burrage"), purportedly establish that section 841(b)(1), "with its associated drug quantities and sentencing ranges is a separate crime," applies retroactively. (Docket Entry # 1, pp. 12-13). Further, as stated in the petition, a "failure to apply the[se] constitutional and statutory rules . . . retroactively . . . create[s] the possibility that the Petitioner was convicted by the judge for a different, and more serious, crime [than] he committed." (Docket Entry # 1, p. 13). These arguments challenge the basis for the criminal conviction under the above-noted "second" avenue of relief. See Hakim, 2019 WL 4218479, at *2 (citing

12

Sustache-Rivera, 221 F.3d at 16). Similar to the petitioner in Hakim, however, petitioner fails to show he fits within the confines of this category. Petitioner does not establish "that the charged conduct is no longer criminal under a new interpretation of § 841." Id. In other words, he fails to show that a new rule "'narrows the scope of'" section 841 "'in a way that would have rendered'" him not guilty of the crime. Williams, 2019 WL 2107275, at *5 (citing district court case citing Sustache-Rivera, 221 F.3d at 16 n.14).

The crux of the petition and its contention that the savings clause applies relies on a four-part test used by the Fourth Circuit in United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018) ("Wheeler"), cert. denied, 139 S. Ct. 1318 (2019). Assuming for purposes of argument that the First Circuit would adopt the test used in Wheeler, it does not provide petitioner relief.

The four-part test in Wheeler deems section 2255 "inadequate" or "ineffective" to test the validity of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this

13

retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. The petition falters under the second prong. Under that prong, petitioner must show that after his direct appeal and the first section 2255 motion, the above-noted "settled substantive law changed and was deemed to apply retroactively on collateral review." Id. Here, petitioner relies on Apprendi, Alleyne, and Burrage as the basis for new rules of constitutional law that apply retroactively on collateral review. (Docket Entry # 1).

Examining these cases seriatim, the Supreme Court in Apprendi held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. First, Apprendi does not fall within the reach of the second prong because the Court decided the case before petitioner filed the first section 2255 motion. Second, petitioner's argument that the Supreme Court's decision in United States v. Hamond, 139 S. Ct. 2369 (2019) ("Haymond"), serves a basis to render Apprendi retroactive to cases on collateral review because it adds and creates "multiple holdings" dictating retroactivity under Tyler v. Cain, 533 U.S. 656, 668 (2001) (Docket Entry # 8) (Docket Entry # 11, p. 4), is misplaced. "Multiple cases can render a new rule retroactive," but "only if the holdings in those cases necessarily dictate

retroactivity of the new rule." Tyler v. Cain, 533 U.S. at 666. "[T]he Supreme Court is the only entity that can make a new rule retroactive" within the meaning of § 2255 and only an express holding or a combination of cases that necessarily dictate retroactivity of a new rule will suffice. Id. at 663 (internal citation, quotation marks and brackets omitted). Apprendi did not dictate retroactivity and "[t]he Supreme Court has not made *Apprendi* and its progeny 'retroactive within the meaning of § 2255,' since these cases express rules allocating decisionmaking authority between a judge and the jury and 'are prototypical procedural rules.'" United States v. White, Criminal Action No. 93-97 (BAH), 2019 WL 3719006, at *24 (D.D.C. Aug. 6, 2019) (internal citations omitted), appeal filed, Nos. 19-3057 and 19-3058 (Aug. 22, 2019); Butterworth v. United States, 775 F.3d 459, 465 (1st Cir. 2015) (noting that Sepulveda v. United States, 330 F.3d 55, 63 (1st Cir. 2003), "already decide[d] that *Apprendi* itself was not retroactively applicable on collateral review") ("Butterworth"); see also United States v. Salazar, No. 19-1119, 2019 WL 3852520, at *3 (10th Cir. Aug. 16, 2019) (concluding that Haymond is not retroactive) (unpublished).

Turning to Alleyne, it also fails to satisfy the second prong in Wheeler. The Supreme Court in Alleyne "held that any fact leading to the imposition of a mandatory minimum sentence must be found by a jury beyond a reasonable doubt."

15

Butterworth, 775 F.3d at 461. As determined in Butterworth, "*Alleyne* is not retroactively applicable to sentences on collateral review." Id. at 468. "Alleyne was a constitutional decision regarding whether a judge or jury must decide facts that increase a mandatory minimum sentence -- it did not reinterpret or change the scope of conduct proscribed by § 841."[5] Hakim, 2019 WL 4218479, at *2.

Finally, petitioner attempts to satisfy the second prong of Wheeler by relying on Burrage. (Docket Entry # 1, 11). The Supreme Court in Burrage dealt with "whether the mandatory-minimum provision applies when use of a covered drug supplied by the defendant contributes to, but is not a but-for cause of, the victim's death or injury." Burrage, 571 U.S. at 206. "Burrage answers the question of what the Government must prove for a

---

[5] Indeed, no circuit court of appeals:

> has held that Alleyne is retroactive. See United States v. Redd, 735 F.3d 88, 91-92 (2d Cir. 2013); United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014); United States v. Surratt, 797 F.3d 240, 249 (4th Cir. 2015); United States v. Olvera, 775 F.3d 726, 730 & n.12 (5th Cir. 2015); In re Mazzio, 756 F.3d 487, 491 (6th Cir. 2014); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013); Walker v. United States, 810 F.3d 568, 575 (8th Cir. 2016); Hughes v. United States, 770 F.3d 814, 818-19 (9th Cir. 2014); In re Payne, 733 F.3d 1027, 1030 (10th Cir. 2013); Jeanty v. Warden, FCI-Miami, 757 F.3d 1283, 1285 (11th Cir. 2014); In re Lawson, No. 13-3093, 2014 U.S. App. LEXIS 7854, at *2 (D.C. Cir. Apr. 25, 2014) (per curiam).

Hakim, 2019 WL 4218479, at *3.

'death results' mandatory minimum enhancement on a conviction under § 841." Hakim, 2019 WL 4218479, at *3 (citing Burrage, 571 U.S. at 206). The First Circuit has not determined "whether Burrage is retroactive on collateral review," although the Fifth, Sixth, and Seventh Circuits have found such retroactivity. Hakim, 2019 WL 4218479, at *3. Burrage, however, presents a different legal issue inapplicable to petitioner's conviction and sentence. See Hakim, 2019 WL 4218479, at *3 (distinguishing Burrage because Hakim's "sentence not based on a 'death results' enhancement" and addresses "different legal issue" than "applicable to Hakim's claim"). Petitioner was not convicted or sentenced for drug distribution where the drugs supplied were a but-for cause of death or serious injury. (Docket Entry # 10-1). Accordingly, Burrage does not apply to petitioner's case.

In sum, petitioner does not challenge the execution of his sentence and he fails to establish actual innocence. He also fails to identify a new constitutional rule made retroactive on collateral review. In short, he cannot avail himself of the savings clause. Faced with an unauthorized second or successive section 2255 motion, this court has "*only* two choices."[6] Trenkler, 536 F.3d at 98 (emphasis added). It can either

---

[6] This court therefore declines respondent's invitation to take a peek at the merits in this instance.

dismiss the motion or transfer it to the Second Circuit. Id.; see 28 U.S.C. § 1631. Here, a dismissal for lack of jurisdiction is appropriate. Petitioner filed the motion without authorization from the Second Circuit and a dismissal will afford him time to assess whether he wishes to petition the Second Circuit "for permission to proceed and, if so, to present directly to the [Second] Circuit the bases for his request." Jones v. United States, Case Nos. 2:09-CR-00068-GZS, 2:13-cv-00370-GZS, 2017 WL 5128752, at *2 (D. Me. Nov. 6, 2017) (dismissing second section 2255 motion rather than transferring to First Circuit), report and recommendation adopted, Nos. 2:09-CR-00068-GZS, 2:13-cv-00370-GZS, 2017 WL 6624026 (D. Me. Dec. 28, 2017), appeal denied, No. 18-1118 (Aug. 15, 2019).

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (Docket Entry # 10) is **ALLOWED** to the extent that the section 2255(e) petition (Docket Entry # 1) is **DISMISSED** for lack of jurisdiction.

/s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge